RECEIVED
Filed

13 NOV 13 PM 1: 41

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DON EAGLE, on behalf of himself
and all others similarly situated,

        Plaintiff,

vs.

FALLSAFE SOLUTIONS, LLC,
a Florida Limited Liability Company, and
SCHEAR CONSTRUCTION, LLC, a
Florida Limited Liability Company,

        Defendants.

_____/

CASE NO.:

2.13-cv-797-FtM-38DNF

## CLASS AND COLLECTIVE ACTION COMPLAINT
### ("Class Representation")

Plaintiff, DON EAGLE, on behalf of himself and all others similarly situated,

sues the Defendants, FALLSAFE SOLUTIONS, LLC, a Florida Limited Liability

Company and SCHEAR CONSTRUCTION, LLC, a Florida Limited Liability Company

(hereinafter "Defendants"), for failing to pay minimum wages and overtime to

construction workers  (hereinafter collectively "construction workers" or "class

members") who worked for Defendants, pursuant to 29 U.S.C. § 201, et al. (hereinafter

the "FLSA") and Fla. Const. Art. X § 24.

### Nature of Case

1.  In an effort to reduce labor costs, Defendants, orchestrated a common policy and

practice of not paying construction workers for all hours worked. Defendants' illegal

practices have cost their construction workers potentially thousands of dollars of

compensation and related damages.

2.  Defendants violated the Florida Constitution by failing to pay class members that were employed in Florida at anytime within the past five (5) years at least the full minimum wage for all hours worked pursuant to Fla. Const. Art X § 24(c) ("Employers shall pay Employees Wages no less than the Minimum Wage for all hours worked in Florida.")

3.  In addition, Defendants violated the FLSA by failing to pay class members that they employed at anytime within the past three (3) years overtime premiums for all hours worked over forty (40) in a workweek pursuant to the FLSA pursuant to the proper overtime rate.

4.  Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA), 28 U.S.C. § 2201.

### Parties

5.  Defendant, FALLSAFE SOLUTIONS, LLC, is a Florida Limited Liability Company, with a principal address of 5591 Zip Drive, Fort Myers, FL 33905.

6.  Defendant, SCHEAR CONSTRUCTION, LLC, is a Florida Limited Liability Company, with a principal address of 5490 Lee Street, Lehigh Acres, FL 33971

7.  Plaintiff, DON EAGLE, worked for Defendants as a non-exempt construction worker from approximately August 2012 until July 17, 2013.

8.  The proposed class members worked for Defendants its businesses in the state of Florida.

9.  Plaintiff and the proposed class members were subjected to similar violations of the FLSA. The class of similarly situated employees or potential class members sought to

2

be certified under 29 U.S.C. §216(b) is defined as:

> (1) All persons who worked for Defendants in the state of Florida as Construction workers for Defendants during the three (3) years preceding this lawsuit, and who were not paid at least the full minimum wage pursuant to the FLSA for each hour worked.

> (2) All persons who worked for Defendants in the state of Florida as construction workers for the Defendants during the three (3) years preceding this lawsuit, and who were not paid overtime at least at the rate of time and a half their regular rate of pay pursuant to the FLSA for each hour worked over 40 hours in a workweek.

10. The precise size and the identity of the FLSA Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants and its related and affiliated entities.

11. Plaintiff also seeks class certification under Fed. R. Civ. P. 23 of the following state law sub-class:

> (3) All persons who worked for Defendants as construction workers with Defendants during the five (5) years preceding this lawsuit, and who were not paid at least the full minimum wage pursuant to Fla. Const. Art. X § 24(c) for each hour worked.

### Jurisdiction & Venue

12. This action is brought under the FLSA and Florida law to recover from Defendants minimum wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every Mechanic who worked for Defendants at any time within the past five (5) years in the State of Florida.

13. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA, the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq., and supplemental jurisdiction over Plaintiff's Florida Constitution claim pursuant to 28 U.S.C. §1367.

14. This Court has jurisdiction and venue over this complaint as Defendants'

violations of the FLSA complained of took place in Lee County, Florida.

## General Factual Allegations

15. Plaintiff worked as a non-exempt construction worker for Defendants.

16. Plaintiff and those similarly situated were paid an hourly wage and were not exempt from overtime.

17. At all material times (during the last five years), Defendants were an enterprise subject to the FLSA and the Florida Constitution's provision on minimum wages.

18. At all material times (during the last five years), Defendants were an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

19. Defendants' employees handled such goods as building materials, tools, equipment, etc. which had traveled in interstate commerce on a daily basis.

20. At all material times (during the last five years), Defendants have had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated).

21. Defendants are in the business of operating a business which services and repairs school buses.

22. Defendants employed Plaintiff and have employed many construction workers ("class members" or the "class") in the last five (5) years.

23. Plaintiff and the class members worked in the State of Florida without being paid

at least the full minimum wage for all hours worked.

24. Defendants controlled and/or were responsible for the work of class members.

25. Plaintiff and all similarly situated employees performed construction services which are an integral part of the business of Defendants.

26. Plaintiff and all similarly situated construction workers were paid an hourly rate for the work they performed.

27. Defendants failed to pay its construction workers for all hours worked including overtime if applicable.

28. Therefore, Defendants violated the FLSA and Florida Constitution's provision on minimum wages.

29. The additional persons who may become plaintiffs in this action are employees who held similarly situated non-exempt positions as the Plaintiff and who suffered from the same pay practice of being improperly paid for all hours worked time.

30. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated construction workers are in the possession and custody of Defendants.

### Collective/Class Factual Allegations

31. Class members are treated equally by Defendants.

32. Defendants subjected class members to the same illegal practice and policy by failing to pay their construction workers for all hours worked including overtime premiums if the construction workers worked more than forty (40) hours within a workweek.

33. Defendants has employed many class members who were paid non-exempt hourly

wages in the State of Florida within the past five (5) years at the FALL SAFE.

34. Defendants pay class members in the same manner.

35. Plaintiff and all class members worked in the State of Florida.

36. Plaintiff and all class members in the State of Florida and were not guaranteed at least the full minimum wage for all hours worked.

37. Defendants failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

38. Defendants failed to maintain accurate time and pay records.

39. Defendants' failure to keep accurate time and pay records casts the burden on Defendants to disprove the testimony of Plaintiff and all class members regarding the number of hours worked.

40. During the relevant period, Defendants violated the FLSA and Fla. Const. Art. X § 24 by not paying its construction workers for all hours worked including overtime. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

41. Plaintiff has hired the undersigned law firm to represent him in this matter and is obligated to pay reasonable fees and costs if he prevails.

## Class Action Allegations

42. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims under the Florida Constitution may be pursued by all similarly situated persons who choose not to opt-out of the stale law sub-class pursuant to Fed. R. Civ. P. 23.

43. The number of individuals in the class is so numerous that joinder of all members

is impracticable. The exact number of members of each class can be determined by reviewing Defendants' records. However, Plaintiff is informed and believes that there are hundreds of eligible individuals in the defined class.

44. Plaintiff will fairly and adequately protect the interests of the class and has retained counsel that is experienced and competent in class action and employment litigation.

45. Plaintiff has no interests that are contrary to, or in conflict with, the members of the class.

46. A collective/class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

47. A collective and class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the FLSA and the Florida Constitution.

48. Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

49. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. The questions of law and fact common to the class

predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.  Whether Defendants employed construction workers within the meaning of the applicable statutes, including the FLSA;

    b.  Whether Defendants failed to pay Plaintiff and members of the class all minimum wages owed to them;

    c.  What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the class; and

    d.  Whether Defendants' failure to compensate Plaintiff and the class members at the applicable minimum wage rates was willful, intentional or done with reckless disregard.

50. The relief sought is common to the entire class including, inter alia:

    a.  payment by the Defendants of actual damages caused by its failure to pay minimum wages pursuant to the FLSA and Florida Constitution;

    b.  payment by the Defendants of liquidated damages caused by its failure to pay minimum wages pursuant to the FLSA and Florida Constitution;

    c.  payment by the Defendants of the costs and expenses of this action, including the attorneys' fees of Plaintiff's counsel.

51. Plaintiff's claims are typical of the claims of members of the class. Plaintiff and members of the class have sustained damages arising out of the same wrongful and uniform employment policies of Defendants in violation of the FLSA and the Florida

Constitution.

52. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)
## (Unpaid Minimum Wages)

53. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 — 52 as if incorporated herein.

54. At all relevant times, Defendants have been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

55. At all relevant times, Defendants employed, and/or continues to employ Plaintiff and similarly situated construction workers.

56. As stated above, Defendants has a policy and practice of failing to pay their construction workers for all hours worked.

57. Such a policy and practice violates the FLSA.

58. Defendants' failure to pay Plaintiff and other construction workers the full minimum wage is a violation of 29 U.S.C. § 206.

59. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

WHEREFORE, Plaintiff, Don Eagle, on behalf of himself and all others similarly situated, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just

9

and appropriate.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLORIDA CONSTITUTION, ART. X. §24

60. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 - 52 above as though fully stated herein.

61. Plaintiff and those similarly situated construction workers are/were entitled to be paid the applicable full minimum wage for each hour worked during their employment with Defendants.

62. During their employment with Defendants, Plaintiff and those similarly situated construction workers were not paid for all hours worked in violation of the Florida Constitution's minimum wage provision.

63. Plaintiff routinely complained to the superiors about Defendants' illegal pay practices, but Defendants refused and/or failed to compensate Plaintiff and those similarly situated employees for these violations.

64. Defendants willfully failed to pay Plaintiff and those similarly situated construction workers the full minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

65. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated construction workers have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff, Don Eagle, on behalf of himself and all others similarly situated, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just

10

and appropriate.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)
#### (Unpaid Overtime Wage)

66. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 - 52 above as though fully stated herein.

67. Plaintiff and all others similarly situated are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

68. During their employment with Defendants, Plaintiff and all others similarly situated regularly worked overtime hours, but were not paid time and one half compensation for the same.

69. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff and all others similarly situated time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages.

70. Defendants did not maintain and keep accurate time records regarding the overtime hours as required by the FLSA for Plaintiff.

71. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, Don Eagle, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him and all others similarly situated for which Defendants did not properly compensate him and all others similarly situated, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this

Court determines to be just and appropriate.

## FOURTH CAUSE OF ACTION
## DECLARATORY RELIEF

72.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 - 52 above as though fully stated herein.

73.   Plaintiff and Defendants have a pending dispute under the Fair Labor Standards Act, which the Court has jurisdiction to hear pursuant to 28 U.S.C. 1331.

74.   The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. § 2201-2202.

75.   Plaintiff may obtain declaratory relief.

76.   Defendants employed Plaintiff and those similarly situated employees as construction workers.

77.   Defendants failed to pay Plaintiff the full minimum wage.

78.   Defendants failed to pay Plaintiff for all hours worked including overtime.

79.   Defendants failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

80.   Plaintiff is entitled to the full minimum wage pursuant to 29 U.S.C. § 206.

81.   Defendants did not rely upon a good faith defense in their decision of failing to pay Plaintiff and other construction workers for all hours worked.

82.   Plaintiff is entitled to an equal amount of liquidated damages.

83.   It is in the public interest to have these declarations of rights recorded as Defendants still employs construction workers subject to the same policies at issue.

84.   Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

85. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff, Don Eagle, on behalf of himself and all others similarly situated, demand a declaration of rights finding that an employer-employee relationship existed between Plaintiff and Defendants, that Plaintiff was not paid the full minimum wage by Defendants for each hour worked, that Defendants had a legal duty to pay Plaintiff proper compensation pursuant to the FLSA, that Defendants policies of failing to pay Plaintiff for all hours worked including overtime which violates the FLSA, that Defendants failed to prove a good faith defense to its pay practice, and that Plaintiff is entitled to proper compensation, liquidated damages and reasonable attorneys fees pursuant to the FLSA.

Respectfully submitted this 11th day of November 2013.

BERKE LAW FIRM, P.A.

By: _____
Bill B. Berke, Esq.
Florida Bar No. 0558011
berkelaw@yahoo.com
1003 Del Prado Blvd., Ste. 300
Cape Coral, FL 33990
Telephone: (239) 549-6689
Facsimile: (239) 549-3331
*Attorney for Plaintiff*