UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DON EAGLE, on behalf of himself and all
others similarly situated

      Plaintiff,

v.                                  Case No:   2:13-cv-797-FtM-38DNF

FALLSAFE SOLUTIONS, LLC and
SCHEAR CONSTRUCTION, LLC,

      Defendants.

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on the parties' Joint Motion to Review and Approve FLSA

Settlement and Dismiss Action With Prejudice (Doc. 25) filed on April 15, 2014, and the

Settlement Agreement and Limited FLSA Release (Doc. 25-1).   The Plaintiff, Don Eagle and the

Defendants, Fallsafe Solutions, LLC and Schear Construction, LLC are requesting that the Court

approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.

To approve the settlement, the Court must determine whether the settlement is a "fair and

reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor

Standards Act ("FLSA").   *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th

Cir. 1982), and 29 U.S.C. §216.   There are two ways for a claim under the FLSA to be settled or

compromised.   *Id*. at 1352-3.   The first is under 29 U.S.C. §216(c), providing for the Secretary

of Labor to supervise the payments of unpaid wages owed to employees.   *Id*. at 1353.   The

second is under 29 U.S.C. §216(b) when an action is brought by employees against their

employer to recover back wages. *Id*.   When the employees file suit, the proposed settlement

must be presented to the district court for the district court review and determination that the settlement is fair and reasonable.  *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff, Don Eagle allegedly worked for the Defendants as a construction worker from August 2012 until July 17, 2013, and claims that he was not properly paid for the hours worked and not properly paid overtime. (Doc. 1, p. 7).   Even though the parties agreed to settle this matter, the Defendants dispute that the Plaintiff is entitled to any relief from his claim in this case. The parties have agreed to resolve this matter to avoid the uncertainties of litigation, and additional attorneys' fees. The Defendants have agreed to pay the Plaintiff the sum of $5,000.00 for overtime wages less any applicable taxes and deductions as set forth in the Settlement Agreement (Doc. 25-1).

The Defendants agree to pay attorneys' fees and costs in the amount of $5,416.00.   The amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery. Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between

an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.   If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." Judge Presnell concluded that

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.* In the instant case, the settlement was reached, and the attorneys' fees were agreed upon separately and without regard to the amount paid to the Plaintiffs.   The Settlement Agreement (Doc. 25-1) appears reasonable on its face.   Therefore, the Court finds this settlement to be fair and reasonable.

The Plaintiff was permitted to proceed *in forma pauperis* (See, Doc. 4) and the Order (Doc. 4) included a provision that if the Plaintiff prevailed in this action, that he would be required to reimburse the Court for the filing fee and the U.S. Marshal's Service for the costs of service.   The Plaintiff stated in the Joint Motion to Review and Approve SLSA Settlement that counsel for the Plaintiff would reimburse the Court and the U.S. Marshal's Service (See, Doc. 25, ¶6).

**IT IS RESPECTFULLY RECOMMENDED:**

1) Joint Motion to Review and Approve FLSA Settlement and Dismiss Action With Prejudice (Doc. 25) be **GRANTED** and the Settlement Agreement (Doc. 25-1) be

approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) Upon receipt of the settlement proceeds, the Court recommends that counsel for the Plaintiff be required to reimburse the Clerk of Court for the filing fee of $400.00, and shall reimburse the U.S. Marshal's Service $16.00 for service of process.

3) The Court further recommends that if the District Court adopts this Report and Recommendation, and the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on April 21, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties